1
2
3
4    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
5              AT TACOMA

6  MICHAEL BURNHART,
7                    Plaintiff,           No. C11-5172 BHS/KLS
8         v.
                                          ORDER TO AMEND OR SHOW CAUSE
9  ELDON VAIL and DEPARTMENT OF
   CORRECTIONS,
10
11                   Defendants.

12    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

13 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Before the Court for review is Plaintiff's

14 Plaintiff's civil rights complaint. The court declines to serve the complaint as it is deficient.

15                              **DISCUSSION**

16    Under the Prison Litigation Reform Act of 1995, the Court is required to screen
17
   complaints brought by prisoners seeking relief against a governmental entity or officer or
18
   employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint
19
20 or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

21 fail to state a claim upon which relief may be granted, or that seek monetary relief from a

22 defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

23 *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it
24
   lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v.*
25
   *Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be
26

ORDER TO AMEND OR SHOW CAUSE- 1

dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).  Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a section 1983 claim.  *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, Plaintiff purports to sue Eldon Vail and the Washington Department of Corrections (DOC).  His complaint is set forth in the form of the following question:

> Does D.O.C. have the authority to hold a prior judgment and sentence that has been maxed out as of July 4th 2008 and has conditions against and (illegible) who

ORDER TO AMEND OR SHOW CAUSE- 2

>is in on unrelated charges thereby denying his advantages earned for good behavior.

ECF No. 6, p. 4. Plaintiffs asks the court to "intercede and stop D.O.C. from doing this to me and other inmates." *Id.*

Although he names Eldon Vail as a defendant, Plaintiff has set forth no facts to show that Eldon Vail caused or personally participated in causing the harm alleged. In addition, the Eleventh Amendment reads in relevant part:

>The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state, is immune from suit in federal court under the Eleventh Amendment as well. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity, furthermore, is not a "person" within the meaning of 42 U.S.C. § 1983. *Howlett*, 496 U.S. at 365. As a state agency, the DOC is immune from liability here.

Plaintiff alleges that he is being kept in prison by the DOC for longer than his sentence, claiming that his sentence was "maxed out as of July 4, 2008" and that he is being denied "advantages earned for good behavior." A writ for *habeus corpus*, however, "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997). This is true even though a section 1983 claim is based on "the alleged unconstitutionality of state administrative action." *Preiser v. Rodriguez*, 411 U.S.

ORDER TO AMEND OR SHOW CAUSE- 3

475, 489 (1973).  The Supreme Court has made applicable its holding in *Heck* to the loss of good time credits. *Edwards v. Balistok*, 520 U.S. 641, 643, 646 (1997) (*quoting Heck*, 512 U.S. at 487) (finding challenge to validity of procedures used to deprive prisoner of his good-time credits not cognizable under § 1983, because it necessarily implied invalidity of deprivation of his good-time credits); see also *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (noting *Heck* applies in circumstances where administrative action taken against prisoner could affect credits toward release based on good time served).  Thus, it is only in those cases where a prisoner's challenge to, for example, the loss of good time credits "threatens no consequence for his conviction or the duration of his sentence," that the requirements of *Heck* do not apply. *Muhammad*, 540 U.S. at 751.

As noted above, Plaintiff alleges that he is being kept in prison by the DOC for longer than his sentence. He does not claim, nor does he show, that his conviction or sentence already has been invalidated by either court or executive order. In addition, any judgment in favor of plaintiff necessarily would imply the invalidity of his sentence, as the logical consequence of such a judgment would be his release from prison.  Accordingly, Plaintiff's claim may be considered only in a petition for writ of *habeas corpus* and should be dismissed with prejudice as frivolous on this basis alone.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **April 29, 2011.**  If Plaintiff chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

ORDER TO AMEND OR SHOW CAUSE- 4

> 1)  the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;
>
> 2)  the dates on which the conduct of each defendant allegedly took place; and
>
> 3)  the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must include the same case number as this case. Additionally, Plaintiff must submit a copy of the "Amended Complaint" for service on each named Defendant.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **April 29, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 5

1  The Clerk is directed to send Plaintiff the appropriate forms so that he may file an
2  amended complaint.  The Clerk is further directed to send a copy of this Order and a copy of the
3  General Order to Plaintiff.

5  DATED this  30th  day of March, 2011.

   Karen L. Strombom
   United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6