UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL BURNHART,<br><br>     Plaintiff,<br><br> v.<br><br>SCOTT HOLDER, NANCY DAVIS, GARY BOHON, and MICHAEL WEBBER,<br><br>     Defendants. | No. 11-5172 BHS/KLS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY** |

  Before the Court is Defendants' motion to stay discovery pending the Court's resolution of Defendant's for summary judgment. ECF No. 28. For the reasons stated below, the Court finds that the motion should be granted.

## BACKGROUND

  Plaintiff Michael Anthony Burnhart was formerly incarcerated as an inmate in the custody of the Washington Department of Corrections ("DOC"). He was released from DOC custody on November 3, 2011. ECF No. 28, Exhibit 1 (Declaration of Cherrie Kollmer), Attachment A (OMNI Legal Face Sheet). Prior to his release, Plaintiff filed this 42 U.S.C. § 1983 action against Defendants stemming from the denial of Plaintiff's transfer to work release. ECF No. 10. On August 11, 2011, Plaintiff's motion for a stay of this action was granted. ECF No. 23. Mr. Burnhart served Defendants with interrogatories and requests for production on October 27, 2011. ECF No. 28, Exh. 2 (Declaration of Cassie vanRoojen). Pursuant to the Court's Order, the stay was lifted on November 7, 2011. ECF No. 23. In response to Mr. Burnhart's discovery request, Defendants mailed Plaintiff a letter notifying him that his

ORDER GRANTING MOTION TO STAY DISCOVERY - 1

discovery would be processed as if received on November 7, the day the stay was lifted.  ECF No. 28, Exh. 2, Attach. A.  Pursuant to Fed. R. Civ. P. 8 26(c), Defendants sought an agreement to stay discovery.  *Id.,* Exh. 2, Attach. B, Email dated November 17, 2011.  Plaintiff was not willing to stay discovery pending ruling on the motion for summary judgment.  *Id.,* Exh. 2, Attach. C, Email dated November 17, 2011.  Defendants' summary judgment motion is currently pending before the Court.  ECF No. 27**.**  Defendants argue that Plaintiff's complaint should be dismissed as moot in light of his release from DOC custody.

## DISCUSSION

The court has broad discretionary powers to control discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Upon showing of good cause, the court may deny or limit discovery.  Fed. R. Civ. P. 26( c).  A court may relieve a party of the burdens of discovery while a dispositive motion is pending.  *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

The Court's determination of Defendants' motion for summary judgment will determine if, in fact, there will be a claim to resolve at trial.  Therefore, the parties should be relieved of the financial burdens of discovery while this motion is pending.  Accordingly, it is **ORDERED that** all discovery in this matter shall be **STAYED** pending further order of this Court.

**DATED** this  4th  day of January, 2012.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY DISCOVERY - 2