UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL BURNHART,

                Plaintiff,

   v.

SCOTT HOLDER, NANCY DAVIS, GARY BOHON, and MICHAEL WEBBER,

                Defendants.

No. C11-5172 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: February 24, 2012**

Presently before the Court is the Motion for Summary Judgment of Defendants Scott Holder, Nancy Davis, Gary Bohon, and Michael Webber. ECF No. 27. Plaintiff Michael Burnhart filed no response. His failure to do so may be viewed by the Court as an admission that the Defendant's motion has merit. Rule 7(b)(2) Local Rules W.D.Wash.

Having reviewed the motion and balance of the record, the undersigned recommends that the motion for summary judgment be granted.

**BACKGROUND**

At the time he filed this 42 U.S.C. § 1983 lawsuit, Plaintiff Michael Anthony Burnhart was an inmate at the Stafford Creek Correctional Center (SCCC). ECF No. 10. Mr. Burnhart was released from the custody of the Department of Corrections (DOC) on November 3, 2011. ECF No. 27, Exhibit 1 (Declaration of Cherrie Kollmer), Attachment A (OMNI Legal Face Sheet).

REPORT AND RECOMMENDATION - 1

In his complaint, Plaintiff alleged that his request for a transfer to work release had been denied. ECF No. 7. He asked that the Court "correct this mistake and allow the offender to go to work release." *Id.* On July 27, 2011, Plaintiff moved to stay this action from July 19, 2011 until November 7, 2011 because he was due to be released from custody on November 3, 2011. ECF No. 21. The stay was granted on August 11, 2011. ECF No. 23. Pursuant to the Court's Order, the stay automatically lifted on November 7, 2011. *Id.*

Defendants now move for summary judgment because Plaintiffs claim is moot in light of his November 3, 2011 release from DOC custody. ECF No. 27.

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir.2000). The Court draws all reasonable inferences in favor of the non-moving party. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the

REPORT AND RECOMMENDATION - 2

nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy his burden of persuasion at trial. *Nissan Fire*, *supra.*

When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. The nonmoving party must do more than simply deny the veracity of everything offered or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

**DISCUSSION**

The only relief Plaintiff sought in his complaint is that the Court direct Defendants to transfer Plaintiff from prison to work release. ECF No. 10. Now that he is no longer incarcerated, the relief he seeks is moot. The standing requirement guards against disputes that are inappropriate for judicial resolution for want of three constitutionally required elements: (i) an injury in fact (ii) that is fairly traceable to the defendant and (iii) that is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Therefore, an inmate's release from confinement while his claims are pending generally moots claims seeking injunctive or declaratory relief regarding prison policies. *Preiser v. Newkirk*, 422 U.S. 395 (1975) (inmate's request for declaratory judgment rendered moot by inmate's transfer to another prison); *Diley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir.1995) (inmate's request for injunctive relief rendered moot by inmate's transfer to another prison); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991) (same); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986) (same).

Plaintiff s claim is not proper for judicial resolution because his request that he be transferred to work release is moot as he was released from DOC custody on November 3, 2011.

REPORT AND RECOMMENDATION - 3

Accordingly, the undersigned recommends that Defendants' motion for summary judgment be granted.

## CONCLUSION

For the reasons stated above, the undersigned recommends that Defendants' motion for summary judgment (ECF No. 27) be **GRANTED** and that Plaintiff's claims be **dismissed with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 27, 2012,** as noted in the caption.

**DATED** this  27th  day of January, 2012.

Karen L. Strombom
United States Magistrate Judge